FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

97 MAY 29 AM 9: 48

U.S. DISTRICT COURT
N.D. OF ALABAMA

EUGENE BROWN, SR.,         )
                           )
         Plaintiff,        )
                           )
vs.                        )    Case No. CV 94-C-3142-W
                           )
ALABAMA DEPARTMENT OF      )
MENTAL HEALTH AND          )    ENTERED
RETARDATION; TAYLOR        )
HARDIN MEDICAL FACILITY,   )    MAY 29 1997
                           )
         Defendants.       )


MEMORANDUM OF OPINION

This is an action under 42 U.S.C. § 1983 by an Alabama state prisoner, alleging various violations of his constitutional rights by the Alabama Department of Mental Health and Retardation, the Taylor Hardin Secured Medical Facility, and physicians and staff at the facility. The magistrate judge filed his report and recommendation in this action on August 5, 1996, recommending that the complaint be dismissed with prejudice with respect to the Alabama Department of Mental Health and Mental Retardation on the basis of its Eleventh Amendment immunity; that summary judgment be granted in favor of defendants Nurse Weems, Vera Simmons, Sarah Salter, Jenny Cox, and Lisa Miller; and that defendants Dr. Nagi and Hooper be granted summary judgment in part but denied summary judgment with respect to the plaintiff's claim that they abridged

his right to procedural due process of law before injecting him involuntarily with psychotropic medication. See Washington v. Harper, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed. 2d 178 (1990). Plaintiff filed objections to that report and recommendation on August 13, 1996, and the defendants filed their objections to the magistrate judge's recommendation concerning the due process claim on August 21, 1996.

After the magistrate judge pointed out to the parties that no evidence had been offered to the court with respect to commitment proceedings in the Montgomery County Probate Court, the defendants filed a response on November 22, 1996, submitting documents, records, and transcripts with respect to commitment proceedings in the Montgomery County Probate Court on August 6, 1990, and November 15, 1994. In an order dated November 27, 1996, the magistrate judge treated the response from the defendants as a renewed motion for summary judgment, and advised the plaintiff of the provisions and consequences of Rule 56. Plaintiff filed affidavits in opposition to the motion for summary judgment.

On February 5, 1997, the magistrate judge filed a modification of his previous report and recommendation, narrowly focusing on the due process claim against Drs. Nagi and Hooper under Washington v. Harper. In the modification, the magistrate judge concluded, alternatively, that the commitment proceedings in

2

the Probate Court of Montgomery County sufficiently complied with the minimal procedural due process requirements, or, if the proceedings did not, Drs. Nagi and Hooper were nonetheless entitled to qualified immunity from damages. The magistrate judge reasoned that the essential purpose of the commitment proceedings was to determine whether the plaintiff should be transferred from the Alabama Department of Corrections to the Taylor Hardin Secured Medical Facility for the purpose of being involuntarily treated for his mental illness. Further, even if the commitment proceedings did not meet the due process requirements mandated in **Washington v. Harper**, Drs. Nagi and Hooper could reasonably have believed that they did, thereby entitling them to the shield of qualified immunity from damages. Plaintiff filed his objections to the modification of the report and recommendation on February 13, 1997.

Having now carefully reviewed and considered *de novo* all the materials in the court file, the court concludes that the magistrate judge's report as modified is due to be and the same is hereby ADOPTED and his recommendations are ACCEPTED. The court agrees that the Alabama Department of Mental Health and Mental Retardation and the Taylor Hardin Secured Medical Facility are both entitled to Eleventh Amendment immunity. Additionally, the court concurs with the magistrate judge's conclusion that the defendants were entitled to summary judgment on all other claims in this

3

action, including the <u>Washington v. Harper</u> due process claim. The court agrees that the commitment proceedings in the Montgomery County Probate Court adequately met the due process purposes identified in <u>Washington v. Harper</u> and vindicated the plaintiff's right to procedural due process prior to being involuntarily medicated. Alternatively, if the commitment proceedings were not sufficient to comply with due process, Drs. Nagi and Hooper are still entitled to qualified immunity because the law was not clearly established at the time that such commitment proceedings were <u>not</u> sufficient to comply with due process. Thus, all defendants are entitled to summary judgment.

By separate order, the court will dismiss the claims against the Alabama Department of Mental Health and Mental Retardation and the Taylor Hardin Secured Medical Facility under Eleventh Amendment immunity grounds and will grant summary judgment to all other defendants.

DATED this 28th day of May, 1997.

_____
U.W. CLEMON
U.S. DISTRICT JUDGE